UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ANDREW CHANCE,                          )
                                        )
                    Plaintiff,          )
                                        )
             v.                         )        No. 2:22-cv-00320-JPH-MJD
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                    Defendant.          )

**ORDER ADDRESSING MOTION TO RECLASSIFY FTCA MOTION
AND MOTION TO DISMISS**

This matter is before the court on Plaintiff Andrew Chance's "Motion to Reclassify FTCA Motion," dkt. 28, and the United States' related motion to dismiss for failure to state a claim upon which relief may be granted, dkt. 30. For the reasons stated below, Mr. Chance's motion to reclassify is **granted in part**, and the United States' motion to dismiss is **denied as moot**.

I.     **Background**

Mr. Chance initiated this action by filing a complaint naming the Federal Bureau of Prisons ("BOP"), C. Fench, and S. Debres as defendants. Dkt. 1. He sought money damages and immediate release. In the complaint, he alleged that UNICOR supervisors Fench and Debres forced him to work seven days a week in a UNICOR factory against CDC guidelines requiring "social distancing," which caused him to contract COVID-19. He stated that his Eighth Amendment rights were violated.

The Court screened Mr. Chance's complaint under 28 U.SC. § 1915A. Dkt. 19. As to Mr. Chance's request to be released from incarceration, the Court

1

concluded that release is not a remedy for an Eighth Amendment conditions-of-confinement claim. As to Mr. Chance's request for money damages, the Court understood him to be attempting to bring claims under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). It dismissed the claims against the BOP because the BOP is not a proper defendant in a *Bivens* action and dismissed the claims against Defendants Fench and Debres because the *Bivens* remedy could not be extended to cover Mr. Chance's claims.

The Court also liberally construed Mr. Chance's attempt to sue the BOP as an attempt to state a claim against the United States under the Federal Tort Claims Act ("FTCA"). The Court recognized that the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126, is the exclusive remedy for a federal inmate who suffers an injury proximately caused by the actual performance of his work assignment. Nonetheless, the Court allowed the FTCA claim to survive screening because, at that early stage of the case, it was not clear whether Mr. Chance's COVID-19 infection was proximately caused by the actual performance of his work assignment. The Court stated that the United States could file a motion to dismiss the FTCA claim.

Mr. Chance then filed a document titled, "Motion to Reclassify Previous Filed FTCA Motion to the Proper IACA Motion." Dkt. 28. In the motion, he states that the actions of his UNICOR supervisors caused him to contract COVID-19, not the United States, so he "would like to keep the Defendants as is." He also states that the Court recognized in its screening order that the Seventh Circuit extended *Bivens* to allow a plaintiff to bring an Eighth Amendment claim based

2

on allegations that he was injured while working for UNICOR in *Bagola v. Kindt*, 131 F.3d 632, 642–44 (7th Cir. 1997). He concludes by stating that he asks the Court to "keep all claims originally filed, and reassign this motion as the proper vehicle needed to receive the relief sought." *Id.* at 2.

After Mr. Chance filed his motion, the United States moved to dismiss his complaint for failure to state a claim upon which relief may be granted, arguing that the FTCA claim should be dismissed because Mr. Chance had disavowed any reliance on the statute and, regardless, IACA is the exclusive statutory remedy for the claims in this case. Dkts. 31, 32. The United States also argued that, to the extent Mr. Chance was asking the Court to reconsider its dismissal of any *Bivens* claims, it should not do so. *Id.*

## II.   Discussion

### A. Motion to Reclassify

The Court understands Mr. Chance's motion to reclassify as a request that the Court reconsider its Screening Order to: (1) allow him to proceed with *Bivens* claims against the BOP and Defendants Fench and Debres; and (2) reclassify his FTCA claims as IACA claims. Mr. Chance has clearly stated that he wants the Court to reinstate the original defendants in this case, so the Court **grants** his motion to reconsider in that it **directs the clerk** to reinstate the Federal Bureau of Prisons, C. Fench, and S. Debres as defendants on the docket and terminate the United States as a defendant on the docket. The Court next addresses Mr. Chance's request to proceed with IACA and *Bivens* claims against these defendants.

3

## 1. IACA Claims

Mr. Chance has clearly stated that he wants to proceed under IACA and not the FTCA. Mr. Chance is the master of his complaint, so the Court **grants** his motion to reconsider to the extent that it construes his complaint as bringing claims under IACA and screens them under § 1915A as follows:

IACA is the exclusive remedy for a federal inmate who suffered any work-related injury proximately caused by the actual performance of the inmate's work assignment. *See United States v. Demko*, 385 U.S. 149 (1966); 28 C.F.R. § 301.319. IACA permits UNICOR to compensate prisoners for their work-related injuries. 18 U.S.C. § 4126(c)(f); *see also Bagola*, 131 F.3d at 634. Except for compensation for a work-related death, IACA allows only two types of compensation for an inmate who suffers an injury proximately caused by the actual performance of his prison job: (1) compensation available when the inmate is ready to be released from prison and reenter the workforce, which is based on the inmate's degree of physical impairment at the time of his release from prison; and (2) compensation providing the inmate with actual lost wages while his injury prevents him from doing his prison work assignment. 28 C.F.R. §§ 301.101(a)–(b), 301.201–.205, 301.301–.319. IACA's implementing regulations set forth an administrative process for pursuing claims related to workplace injuries. *Id.* §§ 301. 202–.205 (procedures for lost-time wages; providing that appeal of decision is exclusively through Administrative Remedy Program set forth in 28 C.F.R. part 542); *id.* §§ 542.10–.19 (Administrative Remedy Program); *id.* §§ 301.303–.314 (procedures for work-related physical

impairment or death). Neither the statute nor the regulation explicitly provide for a private right of action. 18 U.S.C. § 4126; 28 C.F.R. pt. 301.

Any attempt to proceed on IACA claims in this Court fails. First and most importantly, IACA does not provide for a private right of action. If Mr. Chance had filed a claim for compensation under IACA, had that claim denied, and exhausted IACA's appeal procedures without obtaining relief—that is, if the appropriate agency had made a final decision as to his claims for compensation under IACA—he might be able to seek review of that decision under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"). *See, e.g., Thompson v. United* States, 492 F.2d 1082, 1084 n.5 (5th Cir. 1974) (IACA "does not confer jurisdiction in the federal courts to review the correctness of prisoner compensation claims under the applicable regulations . . . . Rather, jurisdiction here is found in the Administrative Procedure Act . . . .") (5th Cr. 1974); *Owens v. DOJ*, 527 F. Supp. 373, 375 (N.D. Ind. 1981) ("Plaintiff's complaint prays for monetary damages as if it were an original cause of action. His remedy under 18 U.S.C. s 4126, 28 C.F.R. s 301, et seq. is however, merely judicial review of the administrative proceeding only."). But nothing in his complaint suggests that he is seeking review of a final agency action on any administrative request for compensation or even that he has made such a request. Thus, the Court cannot allow his claims to proceed directly under IACA or under the APA.

Second, even if Mr. Chance could bring IACA claims directly to this Court, Mr. Chance is seeking to recover $35,000,000 and his immediate release from incarceration. Dkt. 1. Release from incarceration is not a remedy authorized

under IACA. Based on his demand for $35,000,000 in damages, it is also clear that Mr. Chance is not seeking merely to recover lost-time wages. Moreover, Mr. Chance has not alleged that his COVID-19 infection caused him to miss work and incur lost-time wages. To the extent that he seeks to recover for a lingering physical impairment, the Court also takes judicial notice that Mr. Chance's anticipated release date (with good credit time included) is February 23, 2025.[1] But such compensation is based on the degree of physical impairment at the time of release, and no such compensation can be paid unless an inmate is impaired at the time of his release. 28 C.FR. § 301.314(a) ("[T]he amount of compensation shall be based upon the degree of physical impairment existent at the time of the claimant's release . . . . No claim for compensation will be approved if full recovery occurs while the inmate is in custody and no impairment remains at the time of release."). As a result, he has not plausibly alleged that he is currently entitled to relief under IACA.

Accordingly, Mr. Chance's IACA claims are **dismissed for failure to state a claim upon which relief may be granted**.

### 2. *Bivens* Claims

As to the *Bivens* claims, the Court **denies** Mr. Chance's motion to reconsider. As stated in the original Screening Order, the *Bivens* remedy cannot be extended to cover Mr. Chance's claim. The Court did recognize that the Seventh Circuit extended the *Bivens* remedy to cover claims similar to Mr.

---

[1]   *See*   https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results   (last visited June 5, 2023).

Chance's in *Bagola*, but it also stated that *Bagola* had been implicitly overruled by later Supreme Court cases. Mr. Chance offers no argument as to why that conclusion was incorrect. Likewise, the Court concluded that the BOP is not a proper defendant to a *Bivens* action, and Mr. Chance offers no argument as to why that conclusion was incorrect.

### 3. Summary and Opportunity to Show Cause

Accordingly, Mr. Chance's motion to reclassify, dkt. 28, is **granted** to the extent that the Court reconsiders its original Screening Order, vacates the portion of the Screening Order allowing Mr. Chance to proceed on an FTCA claim, reinstates the original defendants, screens his IACA claim, and **dismisses that claim for failure to state a claim upon which relief may be granted**. It is **denied** to the extent that the Court declines to reconsider the portion of the original Screening Order dismissing his *Bivens* claims. With Mr. Chance's disavowal of any reliance on the FTCA, the dismissal of the IACA claim means that there are no viable claims to proceed in this case, and his **entire complaint is subject to dismissal**.

Mr. Chance shall have up to and including **June 26, 2023**, in which to show cause why judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955

(7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

### B. Motion to Dismiss

Because the Court has dismissed Mr. Chance's entire complaint, the United States' motion to dismiss, dkt. 30, is **denied as moot**. In the absence of an operative complaint or claims that have survived screening under § 1915A, the United States need not file an answer at this time.

### III.   Conclusion

Mr. Chance's motion to reclassify, dkt. [28], is **granted** to the extent stated above.  As explained, the Court did not err when it dismissed Mr. Chance's *Bivens* claims, and his IACA claims must be dismissed for failure to state a claim upon which relief may be granted. Because Mr. Chance's **entire complaint has now been dismissed**, he shall have up to and including **June 26, 2023**, to show cause why Judgment consistent with this Order shall not enter.

The United States' motion to dismiss, dkt. [30], is **denied as moot**.

The **clerk is directed** to terminate the United States as a defendant on the docket and reinstate the Federal Bureau of Prisons, C. Fench, and S. Debres as defendants on the docket.

**SO ORDERED.**

Date: 6/8/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANDREW CHANCE
33458-171
JESUP - FCI
JESUP FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
2680 301 SOUTH
JESUP, GA 31599

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov